UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME TREJO-FUENTES,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08571-DAD-CSK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On October 19, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order and a motion to appoint counsel. (Doc. Nos. 3, 4.) On October 21, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide

/////

substantive reasons in support of its position in this regard in its opposition.[1] (*Id.*) On October 22, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Respondent does not oppose the court ruling directly on the merits of the underlying petition based on the briefing presently before it (*id.* at 1), and the court will do so.

Based on the parties' briefing, the court finds the following facts. Petitioner entered the United States on an unknown date without inspection. (*Id.* at 8.) On or around December 13, 2012, petitioner was arrested by Immigration and Customs Enforcement ("ICE") and served with a notice to appear. (Doc. No. 8-1 at 3.) On or around April 10, 2013, petitioner applied for Deferred Action for Childhood Arrivals ("DACA"), which was subsequently denied on December 4, 2014. (*Id.*) Since arriving in the United States, petitioner has been detained and released on bond on two separate occasions.[2] (Doc. No. 1 at 7.) On or around May 15, 2026, petitioner was re-detained by ICE following a traffic stop. (Doc. No. 8 at 2.) It appears that petitioner was not arrested pursuant to a warrant and did not receive any pre-deprivation process, such as notice or an opportunity to be heard before he was re-detained.

Respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a), that the only relief he is entitled to is a bond hearing, and that he should be required to exhaust his administrative remedies. (*Id.* at 1, 3–4.)

The court first considers respondent's argument regarding administrative exhaustion and incorporates and adopts its reasoning in *Wu v. Chestnut*, No. 1:26-cv-04953-DAD-SCR (HC), 2026 WL 1906294, at *2 (E.D. Cal. July 2, 2026), where the court waived prudential exhaustion because "administrative exhaustion would not cure the due process violation that petitioner experienced when [he] was detained without notice or an individualized assessment."

[1] The court notes that respondent failed to address, per the court's explicit direction (Doc. No. 6), whether any provision of law or fact in this case distinguishes it from the circumstances addressed in several cited prior cases that this court has decided. The court could grant the petition for this failure alone. (*See* Doc. No. 6) ("The court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable."). Nonetheless, the court will grant the petition for the additional reasons discussed herein.

[2] Respondent does not appear to dispute this assertion. (*See generally* Doc. No. 8.)

The court next considers respondent's argument that petitioner is only entitled to a post-deprivation bond hearing. "Petitioner obtained a liberty interest in his continued release following his release on bond." *Arevalo Roman v. Warden, California City Corr. Ctr.*, No. 1:26-cv-05695-DAD-AC, 2026 WL 2163600, at *3 (E.D. Cal. July 27, 2026). In light of petitioner's liberty interest in his continued release following his release on bond, the court incorporates and adopts the reasoning set forth in its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the petitioners' immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jaime Trejo-Fuentes, A-File No. 205-459-267, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on or around May 15, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;
3. Petitioner's motion for appointment of counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting him habeas relief;

4. Petitioner's motion to proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED;

5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **October 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE